**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**DR. JANE SIMONI**,

Plaintiff,

v.

**CELLCO PARTNERSHIP** *d/b/a/* VERIZON WIRELESS, *et al.*,

Defendants.

Civil Action No. 25-15097 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Summary Judgment filed by Defendant Convergent Outsourcing, Inc. ("Convergent"). ("Def.'s Mot. for Summary J.", ECF No. 14.) Convergent's Motion was accompanied by a Moving Brief ("Def.'s Moving Br.", ECF No. 14-1) and a Statement of Material Facts ("Def.'s SOMF", ECF No. 14-2). Plaintiff Dr. Jane Simoni ("Plaintiff") filed a Responsive Statement of Material Facts ("Pl.'s RSOMF", ECF No. 24) and did not file an Opposition Brief to Convergent's Motion. Convergent filed a Reply Brief in further support of its Motion. ("Def.'s Reply Br." ECF No. 25.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

For the reasons set forth below, the Court will **GRANT** Convergent's Motion for Summary Judgment. [1]

## I. BACKGROUND AND PROCEDURAL HISTORY

This action arises out an attempt to collect a debt owed to Defendant Cellco Partnership d/b/a/ Verizon Wireless ("Verizon" or "Cellco Partnership"), and Plaintiff's contention that she never owed such debt. (Def.'s SOMF ¶ 1; Pl.'s RSOMF ¶ 1.) Plaintiff's August 4, 2025 Complaint alleges that Verizon, Convergent, and Defendant Jefferson Capital Systems, LLC ("Jefferson") "conspired, colluded[,] and acted in concert as agents or joint venturers of each other with actual and/or constructive knowledge of the other(s), in knowingly [and] falsely communicating that Plaintiff owes money to them." (Def.'s SOMF ¶ 2; Pl.'s RSOMF ¶ 2.)

The present action was removed from the Superior Court of New Jersey, Law Division, Special Civil Part, Somerset County on August 29, 2025 on the basis of federal question jurisdiction under 28 U.S.C. § 1331. (*See generally* ECF No. 1.) On September 26, 2025, Plaintiff and Verizon entered into a settlement agreement (the "Settlement Agreement") which released and discharged all claims against Verizon and its independent contractors. (Def.'s SOMF ¶ 4; Pl.'s RSOMF ¶ 4 (disputed).) The Settlement Agreement reads, in pertinent part:

> 1. RELEASE AND COVENANT NOT TO SUE
>
> 1.1. Upon full and timely satisfaction of the terms of this agreement by Verizon and Jefferson . . . , [Plaintiff] ("Releasor") releases and forever discharges Verizon and Jefferson . . . [and] each of their past, present, and future . . . independent contractors . . . from any and all causes of action, actions, judgments, liens,

[1] Defendant Jefferson Capital Systems, LLC filed a similar motion, but styled it as a Motion to Enforce Settlement Agreement. (ECF No. 21.) Plaintiff has not opposed Jefferson Capital System's motion. Also, as shown, infra, the parties' settlement agreement explicitly releases and discharges Plaintiff's claims as to Jefferson Capital Systems, LLC. The Court will therefore grant Jefferson Capital System's motion in the accompanying Order and dismiss all claims against it. In a similar vein, Plaintiff also explicitly agreed to release and discharge claims as to Verizon (pled as Cellco Partnership d/b/a Verizon Wireless) but has filed no stipulation of dismissal. Because Verizon has itself neither appeared nor sought dismissal, the Court will instead order Plaintiff to show cause why Verizon should not be dismissed based on the parties' settlement agreement.

> indebtedness, damages, losses, claims, liabilities and demands of every kind and character (collectively, "Claims") that did, do and/or may arise out of, or may be related to or based upon the issues raised in this Dispute. . . . This Agreement includes, but is not limited to: (a) all Claims asserted in the Dispute . . . . The parties agree and acknowledge that nothing in this Agreement, either express or implied, shall constitute a waiver and/or release by Simoni of any claims that accrue subsequent to the date of execution of the present Agreement by [Plaintiff].

(*See* "Easley Decl." Ex. A, ECF No. 14-4.) Convergent is an independent contractor of Verizon for collection services. (Def.'s SOMF ¶ 5; Pl.'s RSOMF ¶ 5 (disputed); *see also* "Podbutzky Decl." ¶¶ 5–6 & Ex. B, ECF No. 14-3.) Plaintiff received a settlement check in accordance with the Settlement Agreement. (Def.'s SOMF ¶ 5; Pl.'s RSOMF ¶ 5 (disputed to the extent the settlement check released Convergent).)

On February 2, 2026, Convergent filed the instant Motion for Summary Judgment. (Def.'s Mot. for Summary J.; *see generally* Def.'s Moving Br.) Plaintiff did not file an opposition brief, but filed a responsive statement of material facts and a certification from Plaintiff's attorney in opposition to Convergent's Motion.[2] (*See* "Simoni Cert.", ECF No. 23; Pl.'s RSOMF.) Convergent thereafter filed a Reply Brief. (Def.'s Reply Br.)

## II. SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

[2] The Court notes that Plaintiff's Opposition Submissions violate Local Civil Rules 7.2(a) and 56.1(a). Local Civil Rule 7.2(a) provides that any certification must be limited to facts within the personal knowledge of the signatory, and that legal argumentation and summation of documents shall be disregarded. Here, the certification submitted by Plaintiff's attorney contains significant legal argumentation as to the force of the settlement agreement with respect to Convergent and contends that summary judgment should be denied for that reason. (*See generally* Simoni Cert.) Similarly, Local Civil Rule 56.1(a) provides that responsive statements of material fact "shall not contain legal argumentation or conclusions of law." Here, Plaintiff's responsive statement of material facts also contains significant argumentation as to whether the language of the settlement agreement releases Convergent from the present dispute. (*See generally* Pl.'s RSOMF.) While these submissions violate the Local Rules, the Court will exercise its discretion and acknowledge the substance of Plaintiff's position: that the settlement agreement did not release all claims against Convergent.

## III. **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); s*ee also Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). The moving party bears the burden of establishing that no genuine dispute of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine dispute as to a material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine disputes of material fact exist). "[U]nsupported allegations in . . . pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990).

In deciding a motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter but to determine whether there is a genuine dispute for trial. *Anderson*, 477 U.S. at 248–49. The summary judgment standard, however, does not operate in a vacuum. The Court "must view the evidence presented through the prism of the substantive

evidentiary burden," *id.* at 254, and construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny P.A.*, 139 F.3d 386, 393 (3d Cir. 1998).

## IV. DISCUSSION

The parties dispute whether the plain text of the Settlement Agreement releases all claims against Convergent. (*Compare* Def.'s Opp'n Br. *with* Pl.'s RSOMF *and* Simoni Cert.) Plaintiff contends that Convergent was neither explicitly named as a releasee nor was a signatory to the Settlement Agreement. (*See generally* Simoni Cert.) Plaintiff further submits the Settlement Agreement did not encompass Convergent because it was not specifically identified as an independent contractor to which the release would apply. (*Id.*)

As previously detailed, the Settlement Agreement expressly states that Plaintiff releases and forever discharges Verizon and Jefferson, as well as each of their "independent contractors . . . from any and all causes of action . . . that . . . may arise out of, or may be related to or based upon the issues raised in this Dispute." (Easley Decl. Ex. A.) Moreover, Convergent submits an "Agreement for Collection Agency Services" between itself and Verizon, which provides that "[i]n providing any [s]ervices [for collection] under this Agreement, [Convergent] is acting solely as an independent contractor and not as an agent of any other Party." (Podbutzky Decl. Ex. B at 28.) Although Plaintiff vigorously disputes whether Convergent was released by the Settlement Agreement, the plain text of the Settlement Agreement clearly releases and discharges Plaintiff's claims against Verizon, Jefferson, and independent contractors, such as Convergent. Plaintiff has not produced or pointed to any evidence in the record to refute that fact. *See Matsushita*, 475 U.S. at 586 (noting that summary judgment will not be denied based upon a mere metaphysical doubt); *see also Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (stating that oppositions to summary judgment "may not rest upon mere allegations, general denials, or . . . vague

statements."). Taking the record as a whole and viewing it in the light most favorable to Plaintiff, the Court finds that there is no genuine dispute of material fact that the Settlement Agreement released Plaintiff's claims against Convergent. Accordingly, summary judgment is warranted.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT** Convergent's Motion for Summary Judgment and **GRANT** Jefferson Capital System, LLC's Motion to Enforce Settlement Agreement. The Court will also **ORDER** Plaintiff **TO SHOW CAUSE** in writing within **15 days** why Defendant Cellco Partnership should not be dismissed based on the parties' settlement agreement. An appropriate Order will follow.

Date: September 10, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**